The Honorable H. Lacy Landers State Representative 524 River Street Benton, Arkansas 72015
Dear Representative Landers:
This is in response to your request for an opinion concerning the proper venue for a proceeding before the probate court as authorized by Act 270 of 1989. (A.C.A. 20-16-801, et seq. (Supp. 1989)). That act requires the notification of the parents of a minor who seeks to obtain an abortion. As an alternative to the parental notification requirement, a probate judge may authorize a physician to perform the abortion if the judge finds the minor mature and capable of giving informed consent.
You have asked two questions in this regard. First, you inquire as to where a pregnant minor may seek the judicial authorization to obtain the abortion. Second, you inquire as to whether a probate judge may authorize a physician anywhere in the state of Arkansas to perform the abortion, or whether the judge is limited to physicians within his or her judicial district, or the county of the petitioner's domicile, or some other limitation.
In response to your first question, I have attached a copy of Opinion No. 90-015, recently issued to Representative Jim Lendall, which I believe satisfactorily answers your question.
Your second question involves, in part, the same type of statutory construction problem faced in Opinion No. 90-015. That is, the act provides that the judge shall, upon the requisite finding, authorize "a" physician to perform the abortion. It is unclear under the act whether "authorizing a physician" involves the designation of one particular physician, or simply means that the judge may enter an order authorizing a physician (any of a number of physicians) to perform the abortion. Your question appears to assume that the act contemplates the designation of a particular physician.
It is my opinion, however, consonant with the principles of statutory construction set out in Opinion No. 90-015, that the word "a" in the statute refers to the character of a physician, and not one particular physician. In my opinion, the legislative purpose in using the specific phrase "a physician" in that part of the statute which provides that the judge, upon the requisite finding, "shall . . . authorize a physician to perform the abortion" was not to ensure that the probate judge designate the physician in the order, but rather was to ensure that the abortion be performed by a physician, that is, a medical doctor. It is therefore my opinion that the statute does not envision the designation of a particular physician.
With regard to the location of the physician's practice, the act does not reflect any limitations or requirements in this regard. It is clear that as a jurisdictional matter the judge could authorize a particular physician within the territorial jurisdiction of the court to perform the abortion. It must be recognized, however, that jurisdictional problems could arise if the judge were to designate a particular physician outside the court's territorial jurisdiction. A dearth of relevant law precludes us from defining the exact parameters of this issue. Perhaps most significant for purposes of construing legislative intent in this instance, however, is the fact that an order drafted in general terms authorizing any physician, presumably to be selected by the minor, to perform the abortion would appear to avoid a jurisdictional problem. This factor further compels the conclusion that the act should not be construed as envisioning the designation of a particular physician.
In conclusion, therefore, it is my opinion that the more reasonable construction, and one which a court on review would most likely ascribe to in order to avoid jurisdictional problems, is that the act contemplates the judge's entry of a general order authorizing a qualified physician (not any one physician in particular) to perform the abortion. The pregnant minor may then take the order to the physician of her choice, without regard to the location of the physician's practice.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham and Elisabeth A. Walker.